# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RESIN SYSTEMS, INC.** | : | **DOCKET NO. 2:06 CV 0958** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **PACIFIC INSURANCE COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is Resin Systems, Inc.'s Motion to Compel. (Doc. 17). Mover seeks to discover the contents of the defendant's adjuster's file. A telephone conference was held on September 11, 2006, and Defendant was ordered to produce a privilege log, and to provide a copy of the file for *in camera* inspection.

"[A]ny matter, not privileged, that is relevant to the claim or defense of any party" is, generally, discoverable. F.R.C.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In this action Plaintiff is seeking to recover under a policy issued to Plaintiff by Defendant for losses Plaintiff claims to have sustained due to Hurricane Rita. In addition, Plaintiff seeks to recover penalties and attorney fees pursuant to La.R.S. 22:658 and La.R.S. 22:1220. An *in camera* review of the file satisfies this court that, with few exceptions, the file material is, generally, discoverable. Even so material may be immune to discovery if it was "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative. . . ." F.R.C.P. 26(b)(3).

In order to fall within the work product doctrine "the primary motivating purpose behind the creation of the document" must have been to aid in possible future litigation. *U.S. v. Davis*, 636 F.2d 1028 (5th Cir. 1981). Materials assembled in the ordinary course of business are not protected. *Conoco Inc. v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 118 (W.D.La. 1998). This is true even if the party is aware that the material will be useful in the event of litigation. *Id.* The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Id.* at 117. Defendant has offered no evidence to support its claim that portions of the materials are protected from discovery by the work product doctrine. For the most part the file consists of materials that an insurer such as Defendant would typically assemble in the ordinary course of adjusting claims for benefits under its policies. As of March 8, 2006, there are indications that Plaintiff was unhappy with the payment tendered by Defendant, but there is nothing to show that any of the materials assembled prior to that time were assembled in anticipation of litigation and not in the ordinary course of business.

Finally, Defendant has objected to the production of specified portions of the file claiming that those portions are protected from discovery by the attorney-client privilege. *See* La.C.E. art. 506. The attorney-client privilege generally protects confidential communications made by a client to his lawyer for the purpose of obtaining legal advice. *Conoco Inc. v. Boh Bros. Constr. Co.*, *supra* at 115. Defendant bears the burden of proving that the privilege is applicable. *Id.*

With the above principles in mind this court concludes that the file at issue is

discoverable with the exception of the following pages: 91-100, 121, 124-127, 129 & 135.[1]

Accordingly, the motion to compel is granted to the extent that Defendant is to produce, within 10 days of this date, the complete adjuster's file with the exception of the pages noted above. Otherwise, the motion is denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of November, 2006.

*[signature]*

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The page numbers refer to Bates stamped numbers at the bottom of each page. The file begins with page 35 and ends with page 241.