RECEIVED
IN LAKE CHARLES, LA

FEB 12 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RESIN SYSTEMS, INC. | : | DOCKET NO. 2:06 CV 958 |
| V. | : | JUDGE MINALDI |
| PACIFIC INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is Plaintiffs' motion for leave to amend (Doc. 26) and its

motion to remand (Doc. 27). This matter has been referred to the undersigned magistrate judge

pursuant to 28 U.S.C. § 636(c). .

Plaintiff initially brought suit against Defendant in the 14th Judicial District Court for

Calcasieu Parish, Louisiana. This suit involves a dispute over coverage for damages Plaintiff

sustained as a result of Hurricane Rita. In June, 2006, Defendant timely removed the case to this

court on the basis that this court had original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

There is no dispute over the fact that there was complete diversity of the parties at the time of

removal and that the amount in controversy exceeds $75,000.

Plaintiff is now seeking to amend its petition to include a claim against Banscorpsouth

Insurance Services, Inc. d/b/a Wright & Percy Insurance ("Wright & Percy") and its employee,

Charles Ward ("Ward"). The parties agree that both Wright & Percy and Ward are citizens of

Louisiana for the purposes of assessing diversity jurisdiction. Thus, allowing the amendment

will destroy this court's jurisdiction, and will require that the motion to remand be granted. *Cobb*

*v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5ᵗʰ Cir. 1999).

Defendant argues that there is no possibility of recovery against Wright & Percy and Ward. If true this would dictate that the motion for leave to amend must be denied. *Id.* at 678 ("A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction . . . would never be granted.") . This requires that the court conduct an analysis akin to a fraudulent joinder/improper joinder analysis to determine if Defendant has established that there is "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*), *cert. denied, Illinois Cent. R. Co. v. Smallwood,* ____ U.S. ____, 125 S.Ct. 1825 (2005).

The court may resolve this issue in one of two ways:   1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[1] The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis v. Irby,* 326 F.3d 644 (5ᵗʰ Cir. 2003). Any contested issues of fact and ambiguities of state law must be resolved in favor of

_____

[1] In other words, facts that can be easily disproved if not true. *Id.*

remand. *Id.*

Defendant argues that there is no possibility of recovery against Wright & Percy and Ward because any claims Plaintiff might have had against them are barred by La.R.S. 9:5606. This statute provides, in pertinent part:

> A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> . . . .
>
> D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Regardless of when Plaintiff discovered or should have discovered the alleged wrongdoing of Wright & Percy and Ward, any claim against them is perempted three years from the date of the alleged wrongdoing.  Defendant argues that in this case this three year peremptive period began to run in June, 2003, when Plaintiff received a copy of the policy issued by Defendant.  In making this argument Defendant relies on *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179 (La.App. 5 Cir. 2004). *See also Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377 (La.App.1 Cir. 2003), *writ denied*, 845 So.2d 1057 (2003)

In *Biggers* the plaintiffs purchased homeowners insurance in 1995.  They asked for supplemental coverage for jewelry and silverware.  In 2002 plaintiffs' home was burglarized and the jewelry and silverware were stolen.  Shortly thereafter plaintiffs discovered that their agent had not, as requested, obtained supplemental coverage for the jewelry and silverware.  They sued their agent.  When the agent raised R.S. 9:5606 as a defense plaintiffs argued that each time the

policy was renewed there was either a continuing tort or a new tort.  The court rejected plaintiffs'

argument noting that after the issuance of the original policy, there was no occasion for the agent

to misrepresent the coverage.  Id. at 1183.  *Biggers* does not apply in the present case.  Plaintiff is

not simply relying on renewal of the policy as a basis for its claims against Wright & Percy and

Ward.  There is evidence that Plaintiff met with Ward well within the three year peremptive

period for the purpose of making sure that he had adequate coverage in the event of a hurricane.

Joe Thomas depos. pp. 61-2.  There is at least a possibility that a duty owed to Plaintiff was

breached on that date.

Alternatively, Defendant argues that Plaintiff's claims against Wright & Percy and Ward

are barred by the one year peremptive period in that Plaintiff either knew or should have known

of the possible wrongdoing by them more than one year prior to seeking to add them to this

litigation.  "Constructive knowledge is whatever notice is enough to excite attention and put the

injured party on guard and call for inquiry.  Such notice is tantamount to knowledge or notice of

everything to which a reasonable inquiry may lead."  *Campo v. Correa*, 828 So.2d 502, 510-11

(La. 2002).

The dispute in the present case centers over: (1) whetherPlaintiff's fences were covered;

(2) whether  there was a 3% hurricane deductible instead of a $10,000 deductible and (3) the

application of a co-insurance provision in connection with loss of business income coverage.  A

telephone conference was held on February 5, 2007, in order to hear argument of counsel

regarding when Plaintiff was first aware that Defendant was taking these disputed positions.

Counsel was given additional time to submit documentation addressing this issue.

On March 7, 2006, Joseph Thomas wrote a letter to Ward expressing his displeasure with

the dispute over coverage.[2] The letter indicates that about six weeks after Hurricane Rita an

adjuster came to inspect Plaintiff's premises, and states, in part:

> Immediately upon his arrival, he began informing me of how he interpreted coverage to our property as well as lost income coverage. I did not concur so I call you while he was still here and you informed me that he was wrong. Specifically I did not concur that my fence was not covered, that wind deductible was 3 per cent in lieu of the $10,000.00 deductible that both you and I thought we had, as well as the way the lost income provision of the policy was calculated.
>
> During the next four month, I have been speaking to you at least twice a week regarding this matter. . . .

Hurricane Rita hit this area on September 24, 2005. Six weeks later was early November,

2005. That would also be approximately four months prior to Mr. Thomas' March 7, 2005,

letter. The adjuster's first report indicates that his first meeting with the insured was on

November 15, 2005. Clearly, by mid-November, 2005, Mr. Thomas knew what Defendant's

position was with regard to his coverage, and was aware that Defendant's position was

inconsistent both with his understanding of the coverage he had obtained, and the coverage Ward

was telling him that he had. *See also* Joe Thomas depos. pp. 45-49 & 55. This is sufficient to

constitute constructive knowledge of any fault on the part of Ward. Since Plaintiff did not

attempt to add Ward or Wright and Percy until more than one year later the claims against them

are barred by La.R.S. 9:5606.[3]

Accordingly, because there is no possibility of recovery against Ward or Wright & Percy

the motion for leave to amend the petition to add them as defendants is DENIED   The motion to

---

[2] Counsel for both parties submitted a copy of the letter to the court. It's authenticity is not in dispute.

[3] Ward's continuing assurances that Defendant's were incorrect in their interpretation of coverage are of no benefit to Plaintiff. R.S. 9:5606 specifically provides that the one year period applicable here is peremptive and it" may not be renounced, interrupted, or suspended."

remand is also DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of

February, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE